UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

DONNA DORAN, an individual

    Plaintiff,

v.                                             Case No:   2:16-cv-212-FtM-29MRM

THE BEAD BOUTIQUE OF NAPLES,
INC. and LEANNE V. NETZOW,

    Defendants.
_____

### REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

    This cause comes before the Court on the Joint Motion for Approval of Settlement (Doc. 12) and FLSA Overtime Settlement Agreement and General Release (Doc. 12-1) filed on April 26, 2016. Plaintiff Donna Doran together with Defendants The Bead Boutique of Naples, Inc. and Leanne V. Netzow request that the Court approve the parties' settlement of the Fair Labor Standards Act ("FLSA") claim. After review of the parties' submission, the Undersigned recommends that the settlement agreement be approved.

    To approve the settlement of an FLSA claim, the Court must determine whether the settlement is a "fair and reasonable resolution of a bona fide dispute" of the claims raised pursuant to the FLSA. *Lynn's Food Store, Inc. v. United States*, 679 F.2d 1350, 1355 (11th Cir. 1982); 29 U.S.C. § 216. There are two ways for a claim under the FLSA to be settled or compromised. *Id*. at 1352-53. The first, under 29 U.S.C. § 216(c), provides for the Secretary of Labor to supervise payments of unpaid wages owed to employees. *Id*. at 1353. The second way, under 29 U.S.C. § 216(b), is by a lawsuit brought by employees against their employer to recover back wages. *Id*. When employees file suit, the proposed settlement must be presented

to the District Court for its review and determination that the settlement is fair and reasonable. *Id.* at 1353-54.

The Eleventh Circuit has found settlements to be permissible when the lawsuit is brought by employees under the FLSA for back wages because the lawsuit

> provides some assurance of an adversarial context. The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute; we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Id.* at 1354.

In this case, Plaintiff alleges that Defendants committed overtime wage violations under the FLSA. (Doc. 12 at 3). Defendants deny Plaintiff's allegations and assert (1) that Plaintiff improperly claimed meal periods as compensable time, (2) that Plaintiff did not work the amount of overtime claimed, and (3) that Plaintiff's claims are barred by the statute of limitations. (*Id.*). Based on these contentions, *bona fide* disputes exist in this case.

The parties argue that the settlement brings certainty to the litigation. (*Id.* at 1). Moreover, the parties state that settlement minimizes future risks and litigation costs. (*Id.* at 4).

Plaintiff will receive $1,000.00 as compensation for wages and an additional $1,000.00 for liquidated damages. (Doc. 12 at 3 and Doc. 12-1 at 1). After review, the Undersigned finds that the terms of the Settlement Agreement are reasonable as to wages and liquidated damages.

Additionally, Defendants agreed to pay $3,120.00, representing Plaintiff's reasonable attorneys' fees and costs in this action. (*Id.*). As explained in *Bonetti v. Embarq Management Company*, "the best way to insure that no conflict [of interest between an attorney's economic

interests and those of his client] has tainted the settlement is for the parties to reach agreement as to the plaintiff's recovery before the fees of the plaintiff's counsel are considered." 715 F. Supp. 2d 1222, 1228 (M.D. Fla. 2009). The Court further stated that

> [i]f these matters are addressed independently and seriatim, there is no reason to assume that the lawyer's fee has influenced the reasonableness of the plaintiff's settlement. In sum, if the parties submit a proposed FLSA settlement that, (1) constitutes a compromise of the plaintiff's claims; (2) makes full and adequate disclosure of the terms of settlement, including the factors and reasons considered in reaching same and justifying the compromise of the plaintiff's claims; and (3) represents that the plaintiff's attorneys' fee was agreed upon separately and without regard to the amount paid to the plaintiff, then, unless the settlement does not appear reasonable on its face or there is reason to believe that the plaintiff's recovery was adversely affected by the amount of fees paid to his attorney, the Court will approve the settlement without separately considering the reasonableness of the fee to be paid to plaintiff's counsel.

*Id*.

In the present case, the amount of attorneys' fees was negotiated as a separate amount apart from the amount to be paid to Plaintiff. (Doc. 12 at 5 and Doc. 12-1 at 1). Because attorneys' fees and costs were determined separately and apart from Plaintiffs' recovery, the settlement and attorneys' fees were agreed upon without compromising the amount paid to Plaintiffs.

Without contradictory evidence, the FLSA Overtime Settlement Agreement and General Release (Doc. 12-1) appears to be a fair and reasonable resolution of the parties' FLSA issues.

**IT IS RESPECTFULLY RECOMMEDED:**

1) That the parties' Joint Motion for Approval of Settlement (Doc. 12) be **GRANTED** and that the FLSA Overtime Settlement Agreement and General Release (Doc. 12-1) be approved by the Court as a "fair and reasonable resolution of a bona fide dispute" of the FLSA issues.

2) The Undersigned further recommends that if the Court adopts this Report and Recommendation, that the Clerk of Court be directed to dismiss this action with prejudice, terminate all pending motions, and close the file.

Respectfully recommended in Chambers in Fort Myers, Florida on April 28, 2016.

_____
MAC R. MCCOY
UNITED STATES MAGISTRATE JUDGE


**NOTICE TO PARTIES**

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions.  A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation.  *See* 11th Cir. R. 3-1.

Copies furnished to:

Counsel of Record
Unrepresented Parties